Derbigny, J.
delivered the opinion of the court. A re-hearing has been granted on the whole case, the court being not completely satisfied upon either of the questions raised by the respective parties. Further attention having now been paid to the subject, and the arguments of counsel attended to with much care, we find it necessary to alter our former opinion, in order to ascertain one point of fact, upon which must turn the decision of the case, and without a full knowledge of which we think that justice cannot be done.
Leaving, therefore, aside all that part of the plaintiff’s argument, which tends to show the irregularity and illegality of the proceedings carried on in the suits of Camfrancq, and of Laroque Turgeau, vs. the estate of Victor Dufour, (as well as the imperfection of the defendant’s title, to the slaves here in dispute, as resulting from a bill of sale, which neither agrees with the defendant’s pleadings, nor with the names of the suits, in which executions had issued against Victor Dufour’s estate) we will proceed to enquire, if the plaintiff has not received part of the proceeds of the sale, under which the defendant holds the slaves in question ; and if by that act he has not given up all objections to those irregularities and imperfections.
*305 It is in proof, that the plaintiff is, at the same time, one of the heirs of Victor Dufour, whose estate was seized and sold, and one of the heirs of Laroque Turgeau, at the suit of whom an execution had issued against that estate. It is in proof, that part of the proceeds of the sale went to satisfy Laroque Turgeau’s claim, and was paid into the hands of Philip Carlier d’Outremer, his attorney in fact.
The defendant has offered further to prove, that the plaintiff has received part of this identical money, and to that effect, he has tendered a receipt, given by the plaintiff, to Carlier d’ Outremer ; and the plaintiff having excepted to the introduction of that document as improper, it becomes necessary to dispose first of that bill of exceptions. The bill, itself, recites not the ground of the plaintiff’s objection to the admission ; but the grounds, as stated in argument, are, first, that the receipt does not show the money received to be part of the proceeds of the sale of the negroes in dispute : secondly, that the receipt bears a date posterior to the beginning of this suit.
1. The first objection appears, to this court, to be a petition of principle. The evidence offered was said to go the whole length of proving the identity of the purchase money with *306 money received. That, surely was proper evidence to be produced ; whether it was as full as the defendant maintained, was a question to be discussed after its admission.
2. The other ground of objection to the introduction of that piece of evidence is, that the receipt tendered shows itself to have been given since the beginning of this suit, and is no part of the issue on which this cause was to be tried.
We do not find it necessary to examine how far this doctrine may be sound, with respect to facts which happen pending the suit, without the act of the parties ; but, surely, it would be strange, if no act of theirs could alter the situation of the suit, after it is one begun. If, pending the suit, one of the parties chooses to do that, for the specific performance of which he was sued, will not that destroy the cause of action, and leave nothing for the court to adjudicate upon but the costs ? Surely, any act of the party, which is said to amount to a relinquishment of his claim, is proper matter for the court to ascertain, before they proceed to enquire into a dispute, which perhaps no longer exists. As to the pretended obligation of the defendant, to give notice to the plaintiff, that he will avail himself of the relinquishment of his claim, it really would be a very idle ceremony. *307 The question here is not, shall a new fact be made a part of the issue ; but, is there still any issue between the parties ; does the suit yet exist, or does it not ? Besides, as the pleadings in our practice consist only of the petition and answer, and no such thing is known to us, as a plea puis darrein continuance, all that can be reasonably required is, that the party be not taken by surprise, but be allowed, in case of any new occurrence in the suit, a sufficient time to make his defence. It does not appear, that the plaintiff here even suggested that he had any means of repelling this piece of evidence ; he barely opposed its admission.
We think, upon the whole, that the plaintiff’s receipt was rightfully admitted ; and will now enquire, whether the money by him received, is part of the price of sale of the negroes in dispute.
In the receipt, the money paid is said to be part of a larger sum, deposited in the hands of Carlier d’Outremer, belonging to the estate of Laroque Turgeau, upon which sum, there exist several oppositions and attachments. Now the proceeds of the sale of the slaves in dispute, were delivered by the sheriff to Carlier d’Outremer as agent of Laroque Turgeau, and sub *308 sequently enjoined by an order, in which it is recited, that the said proceeds were already attached in his hands in several suits, still depending against Laroque Turgeau. A greater presumption of identity can hardly he presented. But, as the plaintiff has chosen to deny it, we think that the justice of the case requires that we should proceed no further, until the fact be ascertained.
Using, therefore, the powers given us by the 18th section of the act supplementary to the act, organizing this court, we deem it necessary to remand the case.
It is, therefore, ordered adjudged and decreed, that the judgment of the district court be reversed, and that the case be remanded for a new trial, with instructions to the judge, to admit any legal proof which the defendant may adduce to shew that the moneys mentioned in the plaintiff’s receipt, as part of the sum enjoined in the hands of Carlier d’Outremer, are the identical funds which had been paid him by the sheriff, as the proceeds of the sale of the negroes claimed by the plaintiff in this suit ; it is further ordered, that the appellee do pay the costs of this appeal.